IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CASE NO.: 4:23-CR-72-1 |
| EDGAR AYON, | |
| Defendant. | |

### SCHEDULING AND DISCOVERY ORDER

In consideration of the Federal Rules of Criminal Procedure, the Local Criminal Rules, and the discussion at the arraignment on June 20, 2024, the Court enters the following deadlines, findings, and instructions.

| EVENT | DEADLINE |
|---|---|
| Government Notice (Fed. R. Evid. 404(b)) | October 21, 2024 |
| Pretrial Motions by All Parties | October 21, 2024 |
| Government Expert Disclosures (Fed. R. Crim. P. 16(a)(1)(G)) | October 21, 2024 |
| Status Report (No Motions Filed) | November 12, 2024 |
| Responses to Pretrial Motions | November 12, 2024 |
| Status Report (Motions Filed) | November 25, 2024 |
| Defense Expert Disclosures (Fed. R. Crim. P. 16(b)(1)(C)) | January 6, 2025 |

**Status Report.** The parties shall submit the attached status report on the date set forth above, and failure to do so may result in the Court terminating all outstanding motions as resolved or waived.

**Speedy Trial Findings.** The Court finds, as a matter of fact and law, the time the parties requested to review discovery, prepare and file pretrial motions, and obtain expert witness

reports is not for the purpose of delay, but in the furtherance of justice, and to protect Defendant's right to a fair trial. The Court also finds the request is for the purpose of allowing reasonable time necessary, assuming the exercise of due diligence, for counsel to effectively prepare their case in that counsel needs additional time to review discovery, prepare and file pretrial motions, and obtain expert witness reports. Therefore, pursuant to 18 U.S.C. § 3161(h)(7), and on the basis of the Court's finding that the ends of justice served by granting the extension outweigh the best interests of the public and Defendant in a speedy trial, the Court grants the requested time. The period of time—June 20, 2024 through and including January 6, 2025—is excluded in computing the time within which trial of this matter may commence.

**Pretrial Motion Instructions.** A party must file a separate motion for each form of relief sought; consolidated motions are not permitted. A responding party may file a consolidated response to multiple motions when doing so does not create confusion or ambiguity.

In multi-defendant cases, a defendant shall not file a motion that merely adopts or incorporates by reference a motion or argument by a co-defendant. Each defendant must file a separate motion containing a complete discussion of the evidence and arguments. The Clerk assigns a unique number to each defendant in a multi-defendant case. For example, in case 4:23-CR-55, the Clerk assigns the number one to the first defendant: 4:23-CR-55-<u>001</u>. All motions and responses in multi-defendant cases must include the defendant-specific case number .

The Government and defense counsel are reminded of their responsibility under Federal Rule of Criminal Procedure 16.1 and Local Criminal Rule 16.1 to confer regarding discovery. Considering the Government's customary practice of providing liberal discovery, many (if not all) routine discovery motions may be satisfied without the need for Court intervention.

**Rule 5 Instruction.** Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence- that is, evidence that favors the defendant or casts doubt on the United States' case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. The government has a duty to disclose any evidence that goes to negating the defendant's guilt, the credibility of a witness, or that would reduce a potential sentence. The defendant is entitled to this information without a request. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court. Given this confirmation, generalized motions seeking assurance of the Government's compliance are unnecessary.

**Proposed Voir Dire and Jury Charges.** Unless otherwise instructed by the presiding District Judge, counsel shall file all requests to charge and proposed voir dire questions at least seven days before jury selection.

**Witness Subpoenas.** Counsel representing indigent defendants must make requests for witness subpoenas or writs for the production of prisoner witnesses at least fourteen days before the evidentiary hearing or trial. Requests for witness subpoenas must articulate specific facts demonstrating both the relevancy and necessity of the requested witnesses' testimony.

**SO ORDERED**, this 20th day of June, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| v. | CASE NO.:   4:23cr72-1 |
| EDGAR AYON | |
| Defendant. | |

**JOINT STATUS REPORT**

I. Date of Status Report Conference: _____

II. Conference Attendees:

| Name | Role |
|---|---|
|  |  |
|  |  |

III. Pretrial Motions.

☐   All pretrial motions have been satisfied or otherwise resolved.

☐   The parties have not resolved the following pretrial motions(s) and will require a ruling from the Court to settle the actual controversy or dispute:

| Motion Title and Docket Number | Opposed | Oral Argument Requested | Evidentiary Hearing Requested |
|---|---|---|---|
|  | Y/N | Y/N | Y/N |
|  | Y/N | Y/N | Y/N |
|  | Y/N | Y/N | Y/N |

**Complete Remaining Portions Only In Judge Baker Cases**

IV. Are the parties prepared to proceed to trial? If so, list three potential dates for a telephonic status conference with the presiding District Judge. <u>Yes/No</u>

| Dates for Telephonic Conference |
|---|
|  |
|  |
|  |

V. Do the parties believe the case will result in a negotiated plea agreement and, if so, do the parties request additional time (not to exceed 30 days) for further plea negotiations and how much time do the parties request? <u>Yes/No</u>

| Additional Time Requested |
|---|
|  |

This day,

/s/   _____
      Assistant United States Attorney

/s/   _____
      Defense Counsel